FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 30 AM 9: 10

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GROVER C. SEYMOUR,

Plaintiff,

v.  407CV015

PENSKE TRUCK LEASING CO., L.P. d/b/a PENSKE RENTALS, PENSKE TRUCK LEASING CORPORATION d/b/a PENSKE RENTALS, and STATE NATIONAL INSURANCE COMPANY, INC.,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Grover Seymour brings this state-law tort action against Penske Truck Leasing Co., L.P., Penske Truck Leasing Corporation (referred to collectively as "Penske"), and State National Insurance Company (State National) after he was injured when a Penske truck collided with his tractor trailer. Doc. # 1 at 9-15. Penske moves for summary judgment.[1] Doc. # 1 at 81; doc. # 11; doc. # 32.

### II. BACKGROUND

The facts are undisputed between Penske and Seymour; the following control for purposes of this Order only. *See* doc. # 33 (Penske's statement of facts); doc. # 36 (Seymour's admission of same). On 1/31/05, Sheng Yang rented a Penske truck for the Win Win Trading Company and designated himself as the truck's driver. Doc. # 33 ¶ 1; doc. # 11 exh. A. Two days after the rental, Lexin Zhang -- a person unknown to Penske and not part of the rental agreement -- drove the truck in Liberty County, Georgia, and had a traffic accident with Seymour. Doc. # 33 ¶ 2. Zhang was drunk, failed to maintain his lane, and had an open container. Doc. # 1 at 12. Seymour brought this action against Penske, arguing that Penske is vicariously liable for Zhang's negligence. Penske moves for summary judgment.

### III. ANALYSIS

#### A. Choice of Law

Georgia law controls this dispute. This Court sits in Georgia, so it must apply Georgia choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). In tort actions,[2] Georgia applies the *lex loci delicti*:

> Under the rule of *lex loci delictis*, tort cases are generally governed by the substantive law of the place where the tort or wrong occurred. In torts of a transitory nature, the place of the wrong is the place where the last event occurred necessary to make an actor liable for the alleged tort.

*International Business Machines Corp. v. Kemp*, 244 Ga.App. 638, 640 (2000); *see Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 816 (2005) (reaffirming *lex loci delicti* as the law in Georgia). The last event necessary to make Penske liable here was the accident, which

---

[1] This Court will apply the summary judgment standards recounted in *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

[2] Seymour says that this is a contract action. Doc. # 35 at 2-3. However, he cites no contractual relationship of any sort between himself and Penske. And "[i]n the absence of a contractual duty, there can be no breach of contract." *Dep't of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 821 (1992). This is a *tort* case.

occurred in Georgia. Therefore, Georgia law applies.

### B. Penske's Summary Judgment Motion

#### 1. *State Law*

This case is on all fours with *Alamo Rent-A-Car, Inc. v. Hamilton*, 216 Ga.App. 659 (1995). In *Alamo*, a woman was injured by the drunk driver of an Alamo rental car. *Id.* at 659. Alamo owned the car, but the driver was not an authorized driver on the rental agreement. *Id.* The Court had no trouble concluding that Alamo could not be held liable for the accident.

In Georgia "[o]wnership of a vehicle alone is not sufficient to establish an owner's liability." There must be more, such as a master-servant or agency relationship. Although it is undisputed in this case that no master-servant or agency relationship is present, when Alamo rented the car ... a bailment was created. An owner/bailor may be held liable for negligent entrustment of a vehicle premised upon general tort or statutory grounds. However, under the facts of this case, no such liability exists. "[L]iability [for negligent entrustment] flows from the negligent act of the owner permitting another to drive [its] vehicle when the owner knows the driver to be either incompetent or habitually reckless...." Moreover, to recover under this theory, an owner's " 'negligence must concur, as part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness.' " In this case, no such concurrence exists. Any negligence on Alamo's part in failing to inquire as to [the authorized drivers'] driving records or their intended use for the vehicle was superseded here by the unauthorized criminal acts of [the driver].

*Id.* at 660 (citations omitted).

Likewise, here Penske had no relationship with Zhang; Yang rented the truck. Furthermore, even if Seymour had alleged negligent entrustment, Zhang's criminal acts would sever the causation chain, insulating Penske. Seymour brought a single action alleging that "[a]s the owner of the vehicle driven by Lexin Zhang, Defendant Penske ... is vicariously liable for the negligent driving of Lexin Zhang." Doc. # 1 at 12. That argument is squarely foreclosed by *Alamo*.

#### 2. *Federal Law*

Moreover, whatever state law applies, the Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106, defeats Seymour's theory of vicarious liability. That Amendment provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

2

49 U.S.C. § 30106(a). The section applies "to any action commenced on or after [8/10/05] without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before [that date]." 49 U.S.C. § 30106(c). This action commenced 10/16/06. Doc. # 1 at 15.

Seymour does not argue that the Graves Amendment does not preempt any state laws that would hold Penske liable in this case; rather, he attacks the law as an unconstitutional exercise of Congress's Commerce Clause power. Doc. # 35 at 6-7. He cites *Graham v. Dunkley*, 827 N.Y.S.2d 513 (N.Y. Sup. Ct. 2006), which held that "49 U.S.C. § 30106 is an unconstitutional exercise of congressional authority under the Commerce Clause." *Id.* at 525.

Congress's commerce power spans three general categories: the power to "regulate the channels of interstate commerce"; the power to "regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce"; and "the power to regulate activities that substantially affect interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 16-17 (2005). Whatever the reasoning in *Graham*, this Court has no trouble concluding that 49 U.S.C. § 30106, which applies when "[a]n owner of a motor vehicle ... rents or leases the vehicle to a person," regulates commercial transactions (rentals or leases) involving instrumentalities of interstate commerce (motor vehicles -- "the quintessential instrumentalities of modern interstate commerce," *U.S. v. Bishop*, 66 F.3d 569, 588 (3d Cir. 1995)). Thus, 49 U.S.C. § 30106 is a valid exercise of Congress's power to regulate instrumentalities of interstate commerce and things in interstate commerce, so it would bar Seymour's claim, whatever state law applied. *Accord Garcia v. Vanguard Car Rental USA, Inc.*, 2007 WL 686625 at *9-*12 (M.D.Fla. 3/5/07) (unpublished). Penske thus is entitled to summary judgment here.

## C. State National

In the parties' Status Report State National contends that "[i]f there is no valid claim against Penske in this action, then there is no claim against State National." Doc. # 29 at 3. State National, however, has not moved for summary judgment. Within 20 days of the date this Order is served, it shall either do so or brief the Court why it cannot. This instruction in no way prevents plaintiff from conferring with State National and, in light of the disposition *supra*, informally resolving this issue.

## IV. **CONCLUSION**

The motion for summary judgment of defendants Penske Truck Leasing Co., L.P. and Penske Truck Leasing Corporation against Grover Seymour is **GRANTED**, doc. # 1 at 81; doc. # 11; doc. # 32, and those defendants therefore are dropped from this case. While Seymour's claims against State National Insurance Company remain, these parties must comply with the instructions set forth in Part III(C) *supra*.

This 3ᵗʰ day of July, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA